**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**JAMES TORELLO,** : **No. 3:04CV848(WWE)**
**Plaintiff,** :
:
**v.** :
:
**SIKORSKY AIRCRAFT CORP.,** :
**Defendant.** :

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In his multi-count complaint, plaintiff James Torello claims that defendant Sikorsky Aircraft Corporation is liable for discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12102 et seq., intentional infliction of emotional distress, and invasion of privacy.

Defendant has filed for summary judgment on the complaint in its entirety. For the following reasons, the motion for summary judgment will be granted.

Background

The parties have submitted statements of facts, exhibits and affidavits, which reveal the following relevant undisputed facts.

Plaintiff worked for defendant Sikorsky Aircraft Corporation as an aircraft painter from 1984 until June 6, 2003.

During his employment with defendant, plaintiff was a member of the Teamster Union, Local 1150. A collective bargaining agreement set forth the terms and conditions of his employment. As part of that collective bargaining agreement, a Drug and Alcohol Policy provided that an employee who received two positive drug tests would be discharged.

In the late 1990s, plaintiff worked for defendant in Stratford under the supervision

of Roy Detlefsen. In January 2001, plaintiff was notified that he would be transferred to defendant's Shelton facility, a Federal Aviation Administration ("FAA") regulation-governed site.

Debra Johnson, a Substance Abuse Professional, conducted a presentation for him and others describing FAA requirements and the drug testing policy. Ms. Johnson informed plaintiff that he could be terminated for testing positive on a drug test.

On January 30, 2001, plaintiff was tested for drugs by the Sikorsky Medical Department and tested positive.

In light of his positive drug test, plaintiff met with Ms. Johnson four times. He informed her that he that he smoked marijuana three or four times a month, that he had long periods of abstinence and that he had not smoked marijuana since her earlier presentation about drug testing.

In March 2001, plaintiff received a negative on a drug test administered by his own doctor. Plaintiff shared that result with Ms. Johnson, who then arranged for him to take a drug test Sikorsky. Plaintiff tested negative on the drug test given at Siikorsky.

On April 17, plaintiff commenced work at the Shelton facility. Approximately a month thereafter, plaintiff began to use marijuana again. He did not discuss his continued marijuana use with Ms. Johnson.

On May 21, 2003, plaintiff was randomly selected for drug testing. On June 6, 2003, defendant informed plaintiff that he had tested positive for marijuana use. When asked whether he had been smoking marijuana, he stated, "Yes, I have."

On that same day, plaintiff's supervisor Robert Hanock and his manager Wayne Mikita terminated plaintiff's employment.

Plaintiff later spoke to his Union steward, Mitch Carnes, who informed plaintiff that his termination was consistent with defendant's policy of terminating employees after a second positive drug test.

Upon the Union's request, defendant agreed to change plaintiff's termination to a resignation. Plaintiff submitted a resignation letter on July 14, 2003, effective June 6, 2003.

Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

ADA

Plaintiff alleges that defendant discriminated against him based on his disability of marijuana addiction. Defendant argues, inter alia, that plaintiff's ADA claims are barred because 1) he was a current user of illegal drugs at the time of his termination; and 2) defendant did not have notice of his alleged disability.

To establish a prima facie case of discrimination pursuant to the ADA, plaintiff must establish that 1) he has a disability covered by the ADA; 2) the defendant had notice of his disability; 3) he could perform the essential functions of the job with reasonable accommodation; and 4) defendant refused to make such accommodations. Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. § 12102(2)(A); Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005). With respect to the major life activity of working, an individual is substantially limited when he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3). An impairment that disqualifies a person from a narrow range of jobs is not a substantial limitation. Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994), cert. denied, 513 U.S. 1147 (1995).

A drug addiction may constitute as a qualifying disabling disease covered by the ADA where the addiction substantially limits one or more of the employee's major life activities. See Raytheon Co. v. Hernandez, 540 U.S. 44, 50 n.4 (2003). However, the ADA's protection extends only to those employees with drug addictions who are no longer using illegal drugs. Buckley v. Consolidated Edison Co. of New York, Inc., 155 F.3d 150,

154 (2d Cir. 1997); see also Zenor v. El Paso Healthcare System, Ltd, 176 F.3d 847, 853 (5th Cir. 1999) ("federal law does not proscribe an employer's firing someone who currently uses illegal drugs, regardless of whether or not that drug use could otherwise be considered a disability"). In section 2114 (a), the ADA provides, in relevant part:

> For purposes of this title, the term "qualified individual with a disability" shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use.

The date of the actual discharge is the relevant time period for determining whether an employee is "currently engaging in the illegal use of drugs...." D'Amico v. City of New York, 132 F.3d 145, 250 (2d Cir. 1998).[1] However, an employee need not have "literally used drugs" on the date of termination. Gilmore v. University of Rochester Strong Memorial Hospital Division, 384 F.Supp.2d 602, 611 (W.D.N.Y. 2005); see also Shafer v. Preston Memorial Hospital Corp., 176 F.3d 847, 278 (4th Cir. 1997) (an employee need not "have a heroin syringe in his arm or a marijuana bong to his mouth at the exact moment contemplated.") Courts have held the that an employee is "currently engaging in the illegal use of drugs" where the drug use is sufficiently recent to justify a reasonable belief that continuing use is an ongoing problem. See D'Amico, 132 F.3d at 150; Zenor, 176 F.3d at 856; Hoffman v. MCI Worldcom Communications, Inc., 178 F.Supp.2d 152, 155 (D.Conn. 2001).

In this instance, the undisputed evidence – – plaintiff's positive drug test and his

[1] D'Amico v. City of New York concerns a claim under the Rehabilitation Act rather than the ADA. However, claims under the ADA and the Rehabilitation Act are generally analyzed under the same standards. See Henrietta D. V. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003).

admission of drug use – – reveals that plaintiff was currently engaged in the illegal use of drugs at the time of his termination. Accordingly, plaintiff is not covered by the ADA and defendant is entitled to summary judgment on his ADA claims.[2]

State Law Claims

Plaintiffs remaining claims of intentional infliction of emotional distress and invasion of privacy are based on state common law. Having dismissed all of the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. section 1367(c)(3). Accordingly, these claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment [doc. # 24] is GRANTED. Summary judgment shall enter in defendant's favor on plaintiff's ADA allegations. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims of intentional infliction of emotional distress and invasion of privacy and therefore DISMISSES these claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The clerk is instructed to close this case.

SO ORDERED this 13th day of March 2006 in Bridgeport, Connecticut.

_________________/s/____________________________

Warren W. Eginton, Senior U.S. District Judge

---

[2] In the alternative, even if plaintiff could not be considered a current drug user, summary judgment is still appropriate since the record raises no inference that defendant had notice of plaintiff's alleged disability of marijuana addiction. See Mitchell, 190 F.3d at 6.